IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK RUSSELL,**

Petitioner,

v.

CASE NO. 2:08-CV-171
JUDGE SARGUS
MAGISTRATE JUDGE KING

**WANZA JACKSON, Warden,**

Respondent.

## OPINION AND ORDER

On May 29, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Doc. No. 35. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. Nos. 39-40. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner objects to all of the Magistrate Judge's recommendations. He again raises all of the same arguments he previously presented.

Petitioner again contends that the factual findings of the state appellate court are inaccurate or incorrect. *Objections*, pp. 1-15. However, the factual findings of the state appellate court are presumed to be correct, and petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e). This Court has reviewed the entire trial transcripts, *see* Doc. No. 25, and is unpersuaded that the

factual findings of the state appellate court do not accurately summarize the evidence submitted at trial.

Petitioner also objects to the Magistrate Judge's recommendation that certain claims be dismissed as procedurally defaulted. *Objections,* pp. 15-19. He again alleges that his counsel, John Keeling, refused to discuss his appeal with him and asserts that this ineffective assistance of appellate counsel therefore constitutes cause for his procedural defaults. As noted by the Magistrate Judge, however, a claim of ineffective assistance of counsel cannot constitute cause for the procedural default of any of petitioner's claims, with the exception of claim 2B, because of petitioner's failure to present a claim of ineffective assistance of counsel to the state courts. *See Edwards v. Carpenter,* 529 U.S. 446, 451-52 (2000). Further, and contrary to petitioner's argument here, the record simply fails to reflect that he has established cause for his failure to present additional claims of ineffective assistance of counsel to the state courts. *See Report and Recommendation,* at 35-37.

In his claim 2B, petitioner alleges that he was denied a fair trial by virtue of the admission into evidence a letter that petitioner wrote to the victim's mother, without also admitting a second such letter into evidence. He objects to the Magistrate Judge's recommendation that this claim be denied and that petitioner's claim of ineffective assistance of counsel in connection with these matters also be denied. *Objections,* p.21. Petitioner again argues at length that he is actually innocent of the charges against him and that he is the victim of a "sham legal process." *Objections,* at 32.

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the issues

2

presented in this case.  For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that petitioner has failed to establish cause for his procedural defaults and has failed to establish that the state court's rejection of his claims was contrary to or involved an unreasonable application of clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. §2254(d).  Moreover, the record fails to establish -- or even suggest -- that petitioner is actually innocent of the charges for which he stands convicted.  *See Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

Therefore, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT**.

8-11-2009
Date

EDMUND A. SARGUS, JR.
United States District Judge

3