IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK RUSSELL,**

    Petitioner,

v.

**CASE NO. 2:08-CV-171
JUDGE SARGUS
MAGISTRATE JUDGE KING**

**WANZA JACKSON, Warden,**

    Respondent.

## OPINION AND ORDER

On August 11, 2009, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter now is before the Court on petitioner's August 31, 2009, motion for reconsideration of final judgment of dismissal pursuant to Federal Rule of Civil Procedure 60(b). Doc. No. 44. For the reasons that follow, petitioner's motion for reconsideration, Doc. No. 44, is **DENIED.**

Federal Rule of Civil Procedure 60(b) provides:

> Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The

> motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

*Id.* Petitioner contends that relief from judgment is warranted because the Court may have overlooked some of the arguments and evidence he raised in his objections. Petitioner then goes on to argue at length regarding the merits of his claims.

Reconsideration of the dismissal of petitioner's claims on the merits is not properly considered under Rule 60(b) in habeas corpus proceedings. See *Gonzalez v. Crosby*, 545 U.S. 524 (2005)(a Rule 60(b) motion that raises a substantive claim for relief, rather than seeking to attack a "defect in the integrity of the federal habeas proceeding," must be construed as a successive petition). A motion under Rule 60(b)

> can ... be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits,FN4 since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

2

> FN4. The term "on the merits" has multiple usages. *See, e.g.*, *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id.*, at 532 (footnote omitted). Therefore, this Court will not now again consider petitioner's arguments regarding the merits of his claims.

Petitioner, however, also contends that the Court erred in dismissing his on-the-record claims as procedurally defaulted. Petitioner again asserts that he has established cause for his procedural default based on the ineffective assistance of his appellate attorney who, according to petitioner, was at fault in failing to timely provide petitioner with a copy of his trial transcripts. *See Motion for Reconsideration*. Petitioner refers to the affidavit of his brother, Constin E. Miller, indicating that,

> in the latter part of 2003 and the first few months of 2004, I left quite a few messages at the Franklin County Public Defender's Office on [petitioner's] behalf, requesting that John Keeling send my brother a copy of his trial transcripts, because he was not answering my brother's letters.

*See Motion for Reconsideration; Appendix to Objections, Doc. No. 40.* Petitioner also refers to complaints that he made against Attorney John Keeling in January 2005 and April 2004 regarding Keeling's alleged failure to raise additional assignments of error on direct appeal and alleged failure to timely provide petitioner with a copy of his trial transcripts and to

3

return his calls. *See id; Appendix to Objections, Doc. No. 40.*

This Court has previously reviewed the documents referred to by petitioner in support of his assertion of cause for his procedural defaults. Still, for the reasons already detailed in the Magistrate Judge's *Report and Recommendation,* at 35-37, this Court remains unpersuaded that petitioner has established cause for his failure to raise claims of ineffective assistance of appellate counsel in his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), or for the procedural default of his on-the-record claims.

For these reasons, petitioner's motion for reconsideration of the final judgment of dismissal of his habeas corpus petition, Doc. No. 44, is **DENIED**.

**IT IS SO ORDERED.**

9-21-2009

EDMUND A. SARGUS, JR.
United States District Judge