IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK RUSSELL,**

    Petitioner,

    v.

**WANZA JACKSON, WARDEN,**

    Respondent.

Case No. 2:08-cv-171
**CHIEF JUDGE EDMUND A SARGUS, JR.**
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254. This Court dismissed the action on August 11, 2009. *Opinion and Order* (ECF No. 41); *Judgment* (ECF No. 42). On April 29, 2010, this Court denied Petitioner's request to reconsider that dismissal, *Order* (ECF No. 55), and on September 15, 2010, this Court denied Petitioner's request for relief from judgment. *Opinion and Order* (ECF No. 57). On September 23, 2010, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability. *Russell v. Jackson*, No. 09-4175 (6th Cir. Sep. 23, 2010). The Sixth Circuit thereafter twice denied Petitioner's motions for authorization for the filing of a second or successive § 2254 petition. *In re: Mark R. Russell*, No. 13-3167 (6th Cir. Aug. 23, 2013); *In re: Mark R. Russell*, No. 18-3928 (6th Cir. Mar. 13, 2019). This matter is now before this Court on Petitioner's March 28, 2019, motion, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, requesting relief from the final dismissal of the action. *Petitioner's Motion for Relief from Judgment or Order* (ECF No. 67). For the reasons that follow, Petitioner's *Motion for Relief from Judgment or Order* is **DENIED**.

Petitioner's motion seeks relief from this Court's dismissal, as procedurally defaulted, of his habeas corpus claims 3, 9, 10, 12 and 12A. Rule 60(b) of the Federal Rules of Civil Procedure provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Petitioner claims that the Court improperly dismissed his claims as procedurally defaulted in view of *Martinez v. Ryan*, 566 U.S. 1, 9 (2012), which permitted a claim of the denial of the effective assistance of counsel at initial-review collateral proceedings to establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel. *See also Trevino v. Thaler*, 569 U.S. 413 (2013), and *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014) (holding that appellate counsel's failure to advise the petitioner of the time limits for filing a petition for post conviction relief under O.R.C. § 2953.21 may constitute cause for the procedural default of a claim of ineffective assistance of trial counsel). Petitioner now argues that, under this authority, he can establish cause for his procedural default of habeas corpus claims 3, 9, 10, 12, and 12A because his attorneys

2

failed to advise him of the 180-day time limit for filing a post conviction petition, and the state courts subsequently dismissed his post conviction action as untimely.[1] Plainly, this argument does not raise an issue under Rule 60(b)(1) - (5), but the argument may be construed under the "catchall" provision of Rule 60(b)(6).

Rule 60(b)(6) "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'" *Zagorski v. Mays*, 907 F.3d 901, 904 (6th Cir. 2018) (citing *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007)). It "applies only in exceptional or extraordinary circumstances where principles of equity mandate relief." *West v. Carpenter*, 790 F.3d 693, 696 (6th Cir. 2015) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)). Such circumstances rarely occur in habeas corpus cases. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Moreover, Rule 60(b)(6) "does not grant a defeated litigant 'a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.'" *Johnson v. Merlak*, No. 4:18cv1062, 2019 WL 1300215, at *2 (N.D. Ohio March 21, 2019) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)). The public policy favoring the finality of judgments and the termination of litigation further circumscribes the application of Rule 60(b)(6). *Blue Diamond Coal Co. v. Trustees of UMWA Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citation omitted). A claim of legal error, unaccompanied by facts establishing extraordinary and exceptional circumstances, likewise does not provide a basis for relief under Rule 60(b)(6). *West v. Bell*, No. 3:01-cv-91, 2010 WL 4363402, at *4 (citing

---

[1] Where a petitioner asserts that a previous ruling which precluded a merits determination was erroneous, *e.g.*, a dismissal based on a procedural default, the motion may be addressed under Rule 60(b), and will not be treated as a successive habeas corpus petition for which prior authorization from the Sixth Circuit is required. *See Hillman v. Warden*, 2018 WL 1224512, at *2 (S.D. Ohio March 9, 2018) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (other citations omitted).

3

*Gonzalez*, 545 U.S. at 535). However, it is the petitioner's burden to establish, by clear and convincing evidence, a basis for relief. *Johnson*, 2019 WL 1300215, at *2 (citing *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)). Petitioner has failed to carry this burden here.

The cases to which Petitioner refers do not assist him in establishing cause for his procedural default of habeas corpus claims 9, 10, 12 or 12A, wherein Petitioner asserted that the trial court unconstitutionally denied his motion for grand jury transcripts; that the prosecutor failed to disclose evidence; and that his arrest warrant issued without probable cause and on a deficient complaint. The holdings in *Martinez, Trevino* and *Gunner* apply only where a claim of ineffective assistance of trial counsel must be raised in the first instance in state collateral proceedings rather than on direct appeal. *See Davila v. Davis*, — U.S.—, —. 137 S.Ct. 2058, 2062-63 (2017) (declining to extend the holding in *Martinez* to claims of ineffective assistance of appellate counsel); *McClain v. Kelly*, 631 F. App'x 422, 437 (6th Cir. 2015) (declining to apply the reasoning in *Gunner* to an application to reopen the appeal under Ohio Appellate Rule 26(B)).

Further, although Petitioner does assert in habeas corpus claim three a claim of ineffective assistance of trial counsel based on his attorney's failure to investigate and conduct pretrial discovery and to have scientific tests performed on a porcelain glass crack pipe, the Supreme Court's decisions in *Martinez* and *Trevin*, "do not alone 'sufficiently change[ ] the balance of the factors for consideration under Rule 60(b)(6) to warrant relief.'" *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (citing *Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014); *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 714 (6th Cir. 2015); *Wright v. Warden, Riverbend Maximum Sec. Inst.*, 793 F.3d 670, 672

4

(6th Cir. 2015)). This is because the holdings in *Martinez* and *Trevino* do not affect the status of a criminal defendant's constitutional rights, but merely adjust "an equitable ruling . . . as to when federal statutory relief is available[.]" *Id.* (citing *McGuire v. Warden, Chillicothe Correctional Inst.*, 738 F.3d 741, 750-51 (6th Cir. 2013)). "Such a change in decisional law 'is usually not, by itself, an extraordinary circumstance meriting Rule 60(b)(6) relief.'" *Id.* (citations omitted).

Moreover, Petitioner's *Motion for Relief from Judgment or Order* is untimely. "A motion under Rule 60(b)(6) must be made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). Reasonableness is a fact-specific determination evaluated by considering a petitioner's diligence in seeking relief. *Mays*, 879 F.3d at 699. Where, as here, the motion is based on a change in decisional law, a petitioner's diligence in pursuing relief is assessed by examining "the time between the date of the decision constituting a change in the law and the date that the Rule 60(b)(6) motion was filed." *Id.* (citing *Gonzalez*, 545 U.S. at 536–37 (finding that an eight-month delay did not reflect diligence); *Wright*, 793 F.3d at 672 (noting that a Rule 60(b) motion was diligently filed when done within twelve months of *Martinez*)). Here, the Supreme Court decided *Martinez* on March 20, 2012. 566 U.S. at 1. The Sixth Circuit issued its decision in *Gunner* on April 17, 2014. 748 F.3d at 511. Yet Petitioner waited almost five years, until March 26, 2019, to execute this motion. *See Motion for Relief from Judgment or Order*, PAGEID # 2511. In view of this extensive delay, Petitioner has failed to establish that he acted diligently, and his motion is untimely. *See Mays*, 879 F.3d at 700 (Rule 60(b)(6) motion was untimely where it was filed after a 16-month delay) (citations omitted).

For all of the foregoing reasons, Petitioner's *Motion for Relief from Judgment or Order* (ECF No. 67) is **DENIED.**

**IT IS SO ORDERED.**

4-4-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE