**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

MARK A. RUSSELL,

    Petitioner,

    v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:08-cv-171
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## ORDER

This habeas corpus matter was dismissed on August 11, 2009. (Doc. 42.) The United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability on September 23, 2010. (Doc. 58.) In the years since that Order, Petitioner has filed several motions in this Court and in the Sixth Circuit, including two unsuccessful requests in the Sixth Circuit for authorization to file a second or successive habeas corpus petition. (Docs. 62, 66.)

In 2019, while seeking a certificate of appealability in the Sixth Circuit, Petitioner filed a "Motion Challenging Constitutionality of State Statute Pursuant to FRAP 44(b)." (Doc. 8 in Appeal No. 19-3381.) Therein, he challenged Ohio's Post-Conviction statutes and the Ohio Supreme Court's decision in *State v. Steffen*, 70 Ohio St.3d 399 (1994). (*Id*.) The Sixth Circuit denied the motion, along with Petitioner's request for a certificate of appealability. (Doc. 77.)

Petitioner then filed a similar "Motion Challenging Constitutionality of State Statute Pursuant to FRAP 44(b)" in this Court, challenging the same statutes and *Steffen*, and arguing that his underlying claims should be adjudicated on the merits. (Doc. 79.) This Court denied his

Motion, noting that Rule 44(b) of the Federal Rules of Appellate Procedure has no application to this case, and that Petitioner must obtain authorization from the Sixth Circuit to file a successive habeas corpus petition if he wants to raise additional grounds for relief.  (Doc. 80.)  *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner has now filed a Motion for Reconsideration.  (Doc. 81.)  He notes that the Sixth Circuit did not tell him that he needed approval under § 2244 to raise this issue here.  (*Id*. at PAGEID 2650.)  He asserts that this Court should protect the Constitution by finding Ohio's Post-Conviction statutes unconstitutional and declaring that *Steffen* is no longer controlling law.  (*Id*. at PAGEID 2651.)

The Court is not persuaded that its previous Order should be reconsidered because the Sixth Circuit did not instruct Petitioner how to proceed on his rejected motion.  The habeas corpus claims Petitioner made in this case have already been dismissed, and that dismissal has become final.  (Docs. 41-42, 58.)  Any additional claims he wishes to make require approval from the Sixth Circuit under 28 U.S.C. § 2244(b)(3)(A) as a matter of law.  The motion for reconsideration (Doc. 81) is therefore **DENIED**.

**IT IS SO ORDERED.**

**6/9/2022**                           **s/Edmund A. Sargus, Jr.**
**Date**                                    **EDMUND A. SARGUS, JR.**
                                                      **UNITED STATES DISTRICT JUDGE**